

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00041-CR

---

ALLAN MICHAEL MCCARTY, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27451

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

In 2018, Allan Michael McCarty pled guilty to and was convicted of possession of a controlled substance in Penalty Group 2 or 2-A in an amount of one gram or more, but less than four grams, while in a drug-free zone.[1] In accordance with the terms of his plea bargain, McCarty was sentenced to ten years' imprisonment, which was suspended, and McCarty was placed on community supervision for a period of ten years. On March 8, 2019, McCarty's community supervision was revoked, and he was sentenced to six years' imprisonment.

McCarty's appellate attorney filed a brief setting out the procedural history of the case and summarizing the evidence elicited during the course of the trial court proceedings and concluded that the appellate record presents no arguable grounds to be raised on appeal. Counsel has filed a brief pursuant to *Anders v. California* and provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel sent a copy of the brief to McCarty, provided him with a copy of the record, advised McCarty of his right to review the record and to file a pro se response, and advised him of the deadline to file his response. By letter dated June 19, 2019, this Court informed McCarty that any pro se response was due on or before July 19, 2019. On July 24, 2019, this Court further

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.113(c), 481.134(c).

2

informed McCarty that the case would be set for submission on the briefs on August 14, 2019. McCarty has filed neither a pro se response nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, our review of the record shows that the written judgment does not accurately reflect the statute under which McCarty was convicted. In *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non-reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

The written judgment recites the Statute for Offense as "481.113(d) TEXAS HEALTH AND SAFETY CODE." However, subsection (d) of Section 481.113 states that possession with intent to deliver a controlled substance in Penalty Group 2 or 2A in the amount of four grams or more, but less than 400 grams, is a first-degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.113(d). In this case, McCarty was convicted of possession with intent to deliver a controlled substance in Penalty Group 2 or 2A in the amount of one gram or more, but less than four grams, a second-degree felony, which is addressed in Section 481.113(c). TEX. HEALTH & SAFETY CODE ANN. § 481.113(c).

Accordingly, we modify the written judgment to reflect the Statute of Offense as "481.113(c) TEXAS HEALTH AND SAFETY CODE." Since we have determined that this appeal presents no reversible error, we affirm the trial court's judgment, as modified.[2]

Scott E. Stevens
Justice

Date Submitted:    August 14, 2019
Date Decided:      August 22, 2019

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.